IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ATLANTA HERRINGTON ROAD PARTNERS LIMITED, | |
| Plaintiff, | |
| v. | 1:14-cv-2488-WSD |
| INGRID LAKE, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia.

**I.   BACKGROUND**

On June 17, 2014, Atlanta Herrington Road Partners d/b/a Pointe at Sugarloaf ("Plaintiff") initiated a dispossessory proceeding against its tenant, Ingrid Lake ("Defendant") in the Magistrate Court of Gwinnett County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant. Plaintiff also seeks past due rent and other fees totaling $1,144.24

---

[1]   No.  14M20189

On August 1, 2014, proceeding pro *se*, Defendant removed the Gwinnett County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  She claims in her Notice of Removal that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, "28 USC 1367" and "28 USC 1446(D) [sic]," and the Due Process Clause of the Fourteenth Amendment.  She further claims that the Plaintiff has "a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6." (Notice of Removal at 4).

On August 11, 2014, Magistrate Judge Vineyard granted Defendant's application to proceed IFP and considered *sua sponte* whether the Court has subject matter jurisdiction over this action.  He found that Plaintiff's underlying pleading is entirely based on state law.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Vineyard concluded that the Court does not have federal question jurisdiction over this matter.  Because the Court lacks subject matter jurisdiction, he recommended that this case be remanded to state court.

There are no objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.  Analysis

Defendant does not object to the R&R, and the Court does not find any error in its conclusions.

It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank

v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Here, Plaintiff's underlying complaint is a dispossessory proceeding against Defendant, which is wholly based on state law.  Therefore, no federal question is present in the Complaint.

The Court also notes that the record does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession.  Title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The Court, thus, does not have diversity jurisdiction over this matter.

Because the Court lacks subject matter jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). [2]

---

[2]    Even if subject-matter jurisdiction existed, the Court is unable to grant

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] is **ADOPTED**. This action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this19th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding. To the extent a Writ of Possession was issued in state court and Defendant seeks to have it overturned, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Federal district courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).